# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO.  5:10-CV-193-DCK

| | | |
|---|---|---|
| ANITA STEWART, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Summary Judgment" (Document No. 11).  The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition.  Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## I.  BACKGROUND

Plaintiff Anita Stewart ("Plaintiff"or "Stewart") alleges that on or about March 14, 2010, she "was a customer/visitor at the Wal-Mart store no. 2496 located in Boone, North Carolina" and that while shopping in that store she entered the restroom and subsequently fell "violently to the floor" from a toilet seat.  (Document No. 1-2, p.1).  Plaintiff contends that Defendant Wal-Mart Stores East, LP ("Defendant" or "Wal-Mart") was negligent in that it breached its duty (1) "to exercise reasonable care in adequately maintaining its premises, . . . and . . . by failing to properly remedy and/or remove a dangerous and hazardous condition about which it knew or with the exercise of ordinary care, should have known," and (2) "to reasonably and adequately warn Plaintiff of the hidden and concealed dangerous condition about which it knew or with the exercise of ordinary care, should have known."  (Document No. 1-2, p.2).  On October 26, 2010, Plaintiff filed her "Complaint" (Document No. 1-2) in the Superior Court of Watauga County, North Carolina,

asserting a cause of action for negligence. On December 15, 2010, Defendant filed its "Notice Of Removal" (Document No. 1) to this Court.

Now pending before the Court is "Defendant's Motion For Summary Judgment" (Document No. 11) filed September 29, 2011. "Plaintiff's Brief In Response To Defendant's Motion For Summary Judgment" (Document No. 13) was filed October 13, 2011; and Plaintiff's "Reply Brief In Support Of Defendant's Motion For Summary Judgment" (Document No. 14) was filed on October 24, 2011. As such, a determination on the merits of the pending motion is now appropriate.

## II. STANDARD OF REVIEW

The standard of review here is familiar. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once the movant's initial burden is met, the burden shifts to the nonmoving party. Webb v. K.R. Drenth Trucking, Inc., 780 F.Supp.2d 409 (W.D.N.C. 2011). The nonmoving party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id.

In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and

all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. At summary

judgment, it is inappropriate for a court to weigh evidence or make credibility determinations. Id.

## III. DISCUSSION

Defendant contends that it is entitled to summary judgment because Plaintiff has failed to

present a *prima facie* case of negligence. (Document No. 11, p.1). Specifically, Defendant asserts

that Plaintiff fails to present any evidence that: (1) Defendant breached a duty it owed Plaintiff; (2)

Defendant created an unsafe toilet seat condition; and/or (3) that Defendant knew or should have

known, prior to Plaintiff's fall, of the existence of any unsafe toilet seat condition. Id. Defendant

argues that there is "no testimony from any source that Defendant caused or created any problem

with any toilet seat or that Defendant had any knowledge that there was anything wrong with any

toilet seats in the women's restroom on 14 March 2010 prior to Plaintiff's fall." (Document No. 11-

1, p.7).

The parties agree that Roumillat v. Simplistic Enterprises Inc., sets forth Plaintiff's burden:

> When the unsafe condition is attributable to third parties or an
> independent agency, *plaintiff* must show that the condition "existed
> for such a length of time that defendant knew or by the exercise of
> reasonable care should have known of its existence, in time to have
> removed the danger or [to have] given proper warning of its
> presence." . . . . In short, a proprietor is not the insurer of the safety
> of its customers.

Roumillat v. Simplistic Enterprises Inc., 331 N.C. 57, 64 (1992) (citations omitted); see also,

(Document No. 11-1, pp.9-10; Document No. 13, pp.11-12).

The basic facts are not in dispute. Plaintiff entered Defendant's Wal-Mart store in Boone,

North Carolina at around 4:30 p.m., on March 14, 2010. (Document No. 11-1, p.1; Document No.

13, p.1). Upon arriving Plaintiff needed to use the restroom, and since the one at the front of the

store was being remodeled, she went to the women's restroom at the back of the store. Id.

3

Approximately two (2) hours before Plaintiff entered the restroom, at about 2:10 p.m to 2:23 p.m., Wal-Mart employee Vickie Hicks inspected and cleaned each of the toilets in the women's restroom and found them all to be in safe and workable condition. (Document No. 11-1, p.2).[1] Shortly after 4:00 p.m., Wal-Mart employee Shirley Lambert, went to the restroom with the intent to clean, but all the stalls were full (and presumably functional) at that time. (Document No. 13, p.4).

Around 4:30 p.m., Plaintiff entered the second stall in the women's restroom and observed that the toilet seat "looked perfectly normal." (Document No. 13, p.2; Document No. 11-1, p.2; Document No. 11-4, p.27). Plaintiff then sat down on the toilet seat, which slid to the left, causing Plaintiff to fall to her right. (Document No. 11-1, p.2; Document No. 13, p.2). Plaintiff attempted to catch herself with her right hand, and in the process hit her head on the side of the stall and felt a "stretching and burning and tearing" in her right hand. Id. After getting off the floor, Plaintiff noticed that the toilet seat "appeared to have twisted on a hinge." Id.

Plaintiff then left the restroom to report her fall and the condition of the toilet to Wal-Mart. Id. A passing Wal-Mart employee helped Plaintiff locate assistant manger Rosalinda Rodriguez, who assisted Plaintiff in completing an incident report. (Document No. 11-1, p.3; Document No. 13, p.3). Plaintiff bought some M&Ms, left the store, and took a bus home. Id.

Based on the foregoing, Defendant argues that "there is no evidence to show how or when the toilet seat detached from the toilet at one hinge or that Defendant caused the toilet seat to become detached." (Document No. 11-1, p.9). Moreover, Defendant contends that Plaintiff has

---

[1] A couple of days prior, on or about March 11, 2010, Wal-Mart employee Ernest Nelson inspected all of the toilets in the same restroom, and tightened any seats that needed tightening. (Document No. 11-1, p.2). According to Wal-Mart employee Shirley Lambert, the toilet seats "work themselves loose once in a while, like once a month." (Document No. 13, p.3).

failed to show that Defendant knew, or should have known, about an unsafe condition and then failed to remove or give proper warning of the danger. (Document No. 11-1, pp.8-9) (citing Roumillat v. Simplistic Enterprises Inc. and Wood v. U.S., 106 F.3d 395, 1997 WL 42711, at *1 (4th Cir. 1997)). Defendant concludes that "Plaintiff's claim of negligence is based purely on guesses, speculation, and conjecture." (Document No. 11-1, p.11). "Cases are not to be submitted to a jury on speculations, guesses, or conjectures." (Document No. 11, p.17) ( quoting Roumillat, 331 N.C. at 69).

In response to Defendant's instant motion, Plaintiff contends, based on the purported comments of one or more employees of Defendant, that Defendant knew of the dangerous condition underlying this lawsuit and failed to give proper warning. (Document No. 13, pp.8-11). Specifically, Plaintiff has testified that following the accident she heard a Wal-Mart employee state "I can't believe that's still broke, that was broke earlier," another employee state "I already told them about that, that it was broke," and a third employee later state "they were supposed to have fixed that." (Document No. 13, pp.8-9). Plaintiff has not deposed, or even been able to specifically identify, any of the employees who allegedly made these comments. Plaintiff argues that whether the above testimony is hearsay, and inadmissible, should not be considered material in evaluating the pending motion for summary judgment. Id.

Plaintiff's brief concedes that she has "failed to produce evidence that Defendant caused the toilet seat to be broken" but argues that her testimony identifying three individual employees "who knew the toilet seat was broken . . . demonstrates that Defendant has actual notice of the dangerous condition and failed to have given proper warning." (Document No. 13, p.11). The undersigned respectfully disagrees.

A trial judge faced with a summary judgment motion "must ask

himself not whether he thinks the evidence unmistakenly favors one side or the other, but whether a fair-minded jury could return a verdict for the nonmoving party on the evidence presented." Id. at 252, 106 S.Ct. 2505.

In opposing summary judgment, the non-moving party must "set forth such facts as would be admissible in evidence." Fed.R.Civ.P. 56(e). Inadmissible hearsay cannot be used to oppose summary judgment. See Greensboro Prof. Fire Fighters Ass'n v. City of Greensboro, 64 F.3d 962, 967 (4th Cir. 1995).

Hoop v. U.S., 94 F.Supp.2d 703, 707 (E.D.N.C. 2000).

Here, as Defendant persuasively argues, Plaintiff has failed to identify any of the persons who made the purported statements Plaintiff relies upon and failed to show whether they were made during and within the scope of employment. (Document No. 14, pp.1-2). Moreover, even if the Plaintiff's hearsay testimony was accepted and viewed in the most favorable light, it gives no indication whatsoever of when Defendant allegedly knew of the purported danger, and whether there was reasonable time to warn customers of that danger.

Relevant case law, including several decisions in the Fourth Circuit involving premises liability claims against Wal-Mart, appear to further favor Defendant's position. For instance, in a case involving a customer falling, the District Court of Maryland found that where Plaintiff had failed to "produce 'evidence that the dangerous condition *had existed for a sufficiently long period of time for the owner or his employees to correct it, or warn his invitees*,'" the plaintiff had "not met her burden." Groat v. Wal-Mart Stores, Inc., 2010 WL 5391515 at *11 (D.Md. Dec. 20, 2010)(citations omitted). The Maryland court found that Plaintiff had failed "to establish Wal-Mart's negligence" and therefore Wal-Mart was "entitled to judgment as a matter of law." Id.

The Eastern District of Virginia reached the same conclusion in a case where a toilet seat allegedly fell off a display and struck the plaintiff. Sutton v. Wal-Mart Stores, Inc., 2007 WL 219990 (E.D.Va. Jan. 25, 2007). On evidence that was apparently similar to that now before this

Court, the Virginia court opined as follows:

> Plaintiff in the instant case has produced no evidence of actual knowledge on the part of Defendant concerning the toilet seat. Plaintiff has also produced no evidence to indicate that Defendant should have been aware of any defective condition in the toilet seat display. Plaintiff herself has stated that she could not tell by looking at the seat that it was going to fall. There is no evidence of when any unsafe condition involving the toilet seat may have arisen. In short, Plaintiff has completely failed to establish Defendant's actual or constructive knowledge of the alleged unsafe condition as required under Virginia law. Therefore, Plaintiff's claim of negligence must fail and Defendant's motion for summary judgment is granted.

Sutton v. Wal-Mart Stores, Inc., 2007 WL 219990 at *2. See also, Gibson v. Wal-Mart Stores, Inc., 189 F.Supp.2d 443, 449 (W.D.Va. 2002) (plaintiff "unable to show that Wal Mart had any notice of any defective condition that existed. . . . Therefore, [plaintiff's] claim must fail.").

Plaintiff makes two additional, or alternative, arguments opposing Defendant's motion. Plaintiff also argues that Defendant's toleration for "some degree of looseness" in its toilet seats, and an alleged "spoliation of evidence" provide further grounds for denying summary judgment. The undersigned is not persuaded by either of these arguments.

First, the undersigned agrees with Defendant that the "looseness" argument relies on guesses, speculation and conjecture. (Document No. 14, pp.5-6). Moreover, the relevant and admissible testimony of Defendant's employees is that the toilet was cleaned and inspected about two hours before Plaintiff's accident and was in good condition, and that all the toilets were inspected and tightened, if necessary, two or three days prior to the accident. Id. No competent evidence has been produced that the toilet seat was loose or unsafe when it was last checked by Wal-Mart personnel.

Next, Plaintiff has failed to convince the undersigned that Defendant's discarding of the toilet and toilet seat during remodeling amounts to improper spoliation of evidence. Defendant argues that Plaintiff has failed to show that "Wal-Mart 'knew the evidence was relevant to some

issue at trial.'" (Document No. 14, p.6) (quoting <u>Buckley v. Mukasey</u>, 538 F.3d 306 (4th Cir. 2008)). Defendant asserts that retention of the "repaired toilet and toilet seat is not relevant to whether Wal-Mart knew the toilet seat was detached at one hinge as alleged by Plaintiff between the time Ms. Hicks cleaned the toilet and the time Plaintiff fell." (Document No. 14, pp.6-7). The undersigned agrees.

## IV. CONCLUSION

Based on the foregoing, it is clear that Plaintiff must show that Defendant knew or should have known about a dangerous condition, and failed to remove the danger or to give adequate warning of its presence, to survive summary judgment. Plaintiff has not made the requisite showing as a matter of law. The undersigned finds that the available evidence is not such that "a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Summary Judgment" (Document No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's "Motion To Disqualify And Exclude Alex J. Balian As An Expert Witness" (Document No. 10) is **DENIED AS MOOT**.

Signed: November 23, 2011

David C. Keesler
United States Magistrate Judge

8